UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

VELDA CLARKE-JAMES,

          Plaintiff,

    v.

THE BANK OF NEW YORK MELLON ET AL,

          Defendant.

**MEMORANDUM AND ORDER**

24-cv-01973 (LDH) (JRC)

---

LASHANN DEARCY HALL, United States District Judge:

Velda Clarke-James ("Plaintiff") brings this action against Bank of New York Mellon (formerly known as The Bank of New York) ("Defendant"), asserting claims for violations of her constitutional rights in connection with a state foreclosure action. Defendant moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint in its entirety.

## BACKGROUND[1]

This action arises from a foreclosure action (the "State Action") litigated in the Supreme Court of the State of New York, Kings County (the "State Court"). (*See* Am. Compl., ECF No. 25.) In the State Action, Defendant sought to foreclose on Plaintiff's home. (*See id.* at 3-4.) *The*

---

[1] The following facts are taken from the Amended Complaint and are assumed to be true for the purpose of this memorandum and order, unless otherwise indicated. The Court also takes judicial notice of state court and other filings, as matters of public record. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir.1998) ("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including case law and statutes."); *see also Ferrari v. Cnty. of Suffolk*, 790 F. Supp. 2d 34, 38 n.4 (E.D.N.Y. 2011) ("In the Rule 12(b)(6) context, a court may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior litigation and that relate to the case sub judice.); *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (courts may take judicial notice of court filings). The Court takes judicial notice of the state court records that are filed as exhibits to Defendant's motion to dismiss.

*Bank of New York Mellon f/k/a the Bank of New York v. Velda Clarke-James et al.*, Index No. 20280/2009, Supreme Court of the State of New York, Kings County.  At some point during the State Action, Defendant sought the grant of summary judgment in its favor.  (*See generally* Def.'s Mem. L. Supp. Mot. Dismiss ("Def.'s Mem."), Ex. A. ("Decision/Order"), ECF No. 37-2.)  Plaintiff thrice opposed Defendant's motion.  (*See id.* at 4.)  Nonetheless, on or about September 6, 2013, the State Court granted Defendant's motion for summary judgment, (*id.*), and on January 16, 2018, the State Court entered judgment in Defendant's favor and granted the foreclosure, (Def.'s Mem., Ex. B ("Notice of Entry"), ECF No. 37-3).

On March 18, 2024, Plaintiff initiated the instant action.  (*See* Compl., ECF No. 1.)  On October 7, 2024, Plaintiff filed the Amended Complaint.[2]  (*See* Am. Compl.)  In her Amended Complaint, Plaintiff alleges, *inter alia*, that "[t]he bank (bony) via its attorney/agent(s) did not present the subject note; mortgage; and [e]vidence of the default to the court, as is required in NY State foreclosure proceedings . . . ."  (Am. Compl. at 13.)

## STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court deciding whether to grant a motion to dismiss must "draw all reasonable inferences in [the plaintiff's] favor, assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'"  *Faber v.*

---

[2] Plaintiff originally brought this action against Defendant and New York Supreme Court Judges Derefim B. Neckles, Mark Partnow, and Dawn Jimenez Salter (the "Judicial Defendants").  By order dated August 18, 2025, this Court dismissed the Judicial Defendants for lack of subject matter jurisdiction due to judicial immunity.  (Order, Aug. 18, 2025.)  Accordingly, the sole defendant in this action is the Bank of New York Mellon.

*Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)) (internal citation omitted).  "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."  *Iqbal*, 556 U.S. at 678.  Further, a court is not obligated to accept a plaintiff's "conclusory allegations or legal conclusions masquerading as factual conclusions."  *Faber*, 648 F.3d at 104 (quoting *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008)).

Moreover, where, as here, plaintiffs are proceeding pro se, their pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest."  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94, 127 (2007) (per curiam)).  This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated."  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).  Still, "even pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'"  *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**DISCUSSION**

### I.      Plaintiff's Claims Are Barred by the Rooker-Feldman Doctrine

"The Rooker–Feldman doctrine provides that federal courts lack jurisdiction over a case if the exercise of jurisdiction would result in reversal or modification of a state court judgment." *Botsas v. United States*, 5 F. App'x 69, 70 (2d Cir. 2001) (summary order) (citing *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir. 1998)).  The Second Circuit has set forth four requirements for the application of the Rooker-Feldman doctrine:  "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced."  *Ashby v. Polinsky*, 328 F. App'x 20, 21 (2d Cir. 2009) (summary order) (internal quotation marks omitted) (alterations accepted) (citing *McKithen v. Brown*, 481 F.3d 89, 97 (2d Cir. 2007)).  Notably, in consideration of these factors, courts have consistently concluded, as this Court does here, that foreclosure actions are barred by the Rooker-Feldman doctrine. *Einhorn v. Best*, No. 10 CIV. 9377, 2011 WL 1046064 (S.D.N.Y. Feb. 10, 2011) (collecting cases), *report and recommendation adopted*, No. 10 CIV. 9377, 2011 WL 1046092 (S.D.N.Y. Mar. 21, 2011).

*First*, it is not in dispute that Plaintiff lost in state court.  The Kings County Supreme Court entered judgment of foreclosure and sale in favor of Defendant on January 16, 2018.  (*See* Def.'s Mem., Notice of Entry.)  Accordingly, this factor weighs in favor of invoking the Rooker-Feldman doctrine.  *See Ashby*, 328 F. App'x at 21.

*Second*, Plaintiff plainly complains of injuries caused by a state-court judgment.  "A plaintiff's injuries are 'caused by a state-court judgment' if the state-court judgment 'produced'

4

the conduct of which the plaintiff complains." *Ward v. Bankers Tr. Co. of California*, No. 09-CV-1943, 2011 WL 1322205, at *6 (E.D.N.Y. Mar. 29, 2011) (citing *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005)).  As Defendant accurately argues, all of Plaintiff's claimed injuries "rest, relate to, or are otherwise directed towards the State Action." (Def.'s Mem. at 4, ECF No. 37-1.)  As to Plaintiff's first cause of action, Plaintiff asserts that Defendant sought to "hurt plaintiff Velda Clarke-James by depriving her of her home, her real property." (Am. Compl. at 12.)  In Plaintiff's second cause, she alleges that Defendant's actions "deprive the plaintiff [of] her home in violation of plaintiff['s] protected constitutional rights . . . . " (*Id.* at 15.)  By Plaintiff's third cause, she asserts that "the defendants on these deed fraud activities have endangered the plaintiff and her loved one . . . ." (*Id.* at 33.)  And then, in her fourth cause, Plaintiff complains that "the defendants [are] liable for creating upon her losses" resulting from the foreclosure judgment. (*Id.* at 34.)  Lastly, related to her fifth cause, Plaintiff seeks "clearance of all clouds on proper[ty] title # 1305; 52, and to amend the [a]cres and other public property record" resulting from the state-court judgment that granted the foreclosure. (*Id.* at 34.)  In sum, the State Court's judgement of foreclosure and sale is the source of the deprivation of Plaintiff's home and the injuries she now claims.  Accordingly, this factor, too, weighs in favor of invoking the Rooker-Feldman doctrine.  *See Ashby*, 328 F. App'x at 21.

*Third*, Plaintiff has invited this Court's review and rejection of a state-court judgment.  A plaintiff invites review and rejection of a state-court judgment when the plaintiff requests the "federal court to undo the [state-court] judgment." *Ward*, 2011 WL 1322205, at *6 (internal quotation marks omitted) (citing *Green v. Mattingly,* 585 F.3d 97, 102 (2d Cir. 2009) (quoting *Exxon Mobil,* 544 U.S. at 293)).  While Plaintiff alleges that her complaint "is not about a foreclosure judgment[,]" (Am. Compl. at 2), she, nevertheless, asks that this Court to

5

undo the State Court's judgment of foreclosure and sale by "clear[ing] . . . all clouds on proper[ty] title # 1305; 52, and . . . amend[ing] the [a]cres and other public property record." (*Id.* at 34.)  This requested relief is barred by the *Rooker-Feldman* doctrine.  *Ward*, 2011 WL 1322205, at *5 ("[C]ourts in this Circuit . . .  consistently [hold] that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine." (alterations in original) (internal quotation marks omitted) (quoting *Ashby v. Polinsky,* No. 06–CV6778, 2007 WL 608268, at *1 (E.D.N.Y. Feb.22, 2007), *aff'd,* 328 Fed. App'x 20 (2d Cir.2009))).

*Fourth*, the state-court judgment was rendered before these proceedings commenced.  As the Court observed, *supra*, the State Court entered judgment against Plaintiff on January 16, 2018, (Def.'s Mem., Notice of Entry), and Plaintiff commenced the instant action on March 18, 2024, (*see* Compl).  Therefore, the judgment was rendered six years before these proceedings commenced.

This Court has previously rejected similar arguments in other cases.  For example, in *Ward v. Bankers Trust Co. of California*, the defendant commenced foreclosure proceedings in New York Supreme Court, Kings County.  2011 WL 1322205, at *1.  The Kings County Supreme Court granted defendant's motion for summary judgment for foreclosure.  *Id.*  Plaintiff then filed a number of appeals at the state level seeking to set aside the foreclosure sale and, ultimately, her eviction.  *Id.* at 2.  Plaintiff was unsuccessful in those appeals.  *Id.*  Subsequently, Plaintiff brought an action before this Court alleging, *inter alia*, "the mortgage loan was fraudulent and violated the Truth in Lending Act, and that the foreclosure proceeding amounted to a fraud on the state court because [Defendants] signed court documents for the [Bank].  *Id.* at 3.  Having found that the plaintiff lost in state court and the state-court judgment was issued before the district court proceeding commenced, the Court then reasoned that "Ward['s

complaints] were caused by the state-court judgments[,]" and a judgment in Ward's favor "would effectively declare the state-court judgment[s of foreclosure and eviction] fraudulently procured and thus void[,]" *id.* at \*6. For this reason, the Court invoked the *Rooker-Feldman* doctrine and dismissed Ward's complaint. *Id.* at \*7. The same rationale is applicable here. Accordingly, because all of the *Rooker-Feldman* factors are met, Plaintiff's claims are barred, and the Amended Complaint is dismissed.[3] *See Ashby*, 328 F. App'x at 21.

## II.    Leave to Amend Would Be Futile

Granting Plaintiff leave to amend would not be appropriate in this instance, as any further amendment would be futile. This is because Plaintiff takes issue with the judgment of the state-court, but this Court is barred from considering any of claims stemming from that action under the *Rooker-Feldman* doctrine. Plaintiff cannot overcome this hurdle; therefore, the Court will not exercise its discretion and grant Plaintiff leave to amend. *Murdock v. Legal Aid Soc'y*, 2015 WL 94245, at \*4 (E.D.N.Y. Jan. 6, 2015) ("[C]ourts may deny leave to replead where amendment qualifies as futile.") (quoting *Herbert v. Delta Airlines*, 2014 WL 4923100, at \*5 (E.D.N.Y. Sept. 30, 2014) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000))).

---

[3] Even if these claims were not barred by the Rooker-Feldman doctrine, the Amended Complaint would still be subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's claims that her constitutional rights were violated fail as a matter of law. This is because Plaintiff's constitutional claims cannot be raised against Defendant because Defendant's use of the court to obtain a foreclosure judgment does not convert its status to that of a state actor or one operating under the color of state law. *Mareno v. Dime Sav. Bank of New York*, 421 F. Supp. 2d 722, 726 (S.D.N.Y. 2006) ("[I]t is well settled that a private actor who invokes the jurisdiction of the courts to resolve a legal dispute does not thereby transform itself into a state actor.") (citing *Dennis v. Sparks,* 449 U.S. 24, 28 (1980)).

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.  The Clerk of

Court is respectfully directed to mail a copy of this Memorandum and Opinion to Plaintiff.


SO ORDERED.

Dated: Brooklyn, New York                    /s/ LDH_____
       March 31, 2026                    LASHANN DEARCY HALL
                    United States District Judge